UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY HAMILTON,

            Petitioner,

    v.

DAN PACHOLKE,

            Respondent.

Case No. C07-5566RBL-KLS

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

On October 4, 2007,[1] petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #6). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

---

[1] Although the petition was date stamped October 12, 2007, by the Clerk, and therefore was actually filed with this Court on that date, it was signed by petitioner on October 4, 2007. (Dkt. #3). Presumably, this is the date petitioner delivered it to prison authorities for forwarding to the Court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court."). Accordingly, the date petitioner signed his petition shall be treated as the date he filed it with this Court.

ORDER
Page - 1

period shall run from the latest of --

>(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In his petition, petitioner states he was convicted on August 4, 1998, to life in prison without the possibility of parole for the crimes of murder, kidnaping and robbery, all in the first degree. (Dkt. #3 and #3-2, Exhibit A).  He states his direct appeal of his conviction was denied by the Washington State Court of Appeals, Division II, on January 12, 2001. (Id., Exhibit B).  Petitioner further states that on October 21, 2002, the court of appeals issued its mandate. (Dkt. #3).  As there is no indication petitioner sought further direct review, it appears that at the very least the AEDPA's one-year statute of limitations began to run on October 22, 2002. See Wixom v. Washington, 264 F.3d 894, 898 (direct review is concluded when court of appeals denies appeal, and no appeal is made to state's highest court).

Petitioner states that he filed his first personal restraint petition on May 12, 2003. (Dkt. #3).  Prior to filing his personal restraint petition, therefore, the statute of limitations had run for 202 days.  It then was tolled until January 22, 2004, when petitioner states the Washington State Court of Appeals denied his personal restraint petition. (Dkt. #3 and #3-3, Exhibit C).  Petitioner states he filed a motion for post-conviction relief from judgment with the Pierce County Superior Court on March 3, 2004, which was denied on March 19, 2004. (Dkt. #3 and #3-3, Exhibit D).  He further states that on March 31, 2004, he

ORDER
Page - 2

1  appealed that denial to the court of appeals. (Dkt. #3).

2  Petitioner states that on April 2, 2004, the Washington State Supreme Court Commissioner denied
3  his personal restraint petition. (Dkt. #3 and #3-3, Exhibit E). Petitioner states that on October 5, 2004, the
4  Washington State Court of Appeals Commissioner denied his appeal of the denial of his motion for post-
5  conviction relief (Dkt. #3 and #3-3, Exhibit F), and that on December 20, 2004, the Washington State
6  Court of Appeals Acting Chief Judge denied his motion to modify that denial. (Id., Exhibit G). Petitioner
7  did not file any further post-conviction motion or petition until June 19, 2006, when he states he filed a
8  second personal restraint petition. (Dkt. #3).

9  The AEDPA's one-year statute of limitation, therefore, had begun to run again on December 21,
10 2004, and continued to do so for a total of 163 days until it expired on June1, 2005.  An additional 383
11 days ran between then and June 19, 2006, when petitioner states that he filed his second personal restraint
12 petition.  Petitioner states that petition was dismissed by the Washington State Court of Appeals on April
13 2, 2007. (Dkt. #3 and #3-3, Exhibit I).  Petitioner further states that on April 19, 2007, the Washington
14 State Supreme Court denied his motion for an extension of time to file for reconsideration or modification
15 of the court of appeals dismissal of his petition. (Dkt. #3 and #3-4, Exhibit J).

16 Petitioner states that he sought no further relief from the state courts.  However, he waited another
17 167 days before filing his federal *habeas corpus* petition in this Court.  Thus, 752 days in total, or well
18 over two years, had run during which the AEDPA's statute of limitations was not tolled.  As such, it
19 appears that petitioner's federal *habeas corpus* petition is now time barred, unless he can show that the
20 statute of limitations is subject to equitable tolling in this case.

21 Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in
22 most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted).  Equitable tolling "is
23 appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a
24 petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v.
25 Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must
26 account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
27 As the Ninth Circuit Court of Appeals has held:

28 > It will normally be much more difficult for a prisoner to demonstrate causation where
> he encounters the "extraordinary circumstances" in the beginning or middle of the

    limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances).  Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714.  Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

    For the foregoing reasons, therefore, it appears that the AEDPA's one-year statute of limitations has run, and therefore that the petition is now time barred.  Accordingly, the Court shall not serve the petition on respondent.  In addition, petitioner shall file by **no later than February 10, 2008**, an amended petition under 28 U.S.C. § 2254 showing that his petition is not now time-barred, or show cause why this matter should not be dismissed.

    The Clerk shall send a copy of this Order to petitioner.

    DATED this 10th day of January, 2008.

Karen L. Strombom
United States Magistrate Judge