UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY HAMILTON,<br><br>               Petitioner,<br><br>   v.<br><br>DAN PACHOLKE,<br><br>               Respondent. | Case No.  C07-5566RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 30, 2008 |

Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center, located in Aberdeen, Washington.  This matter is before the Court on petitioner's failure to comply with the Court's order to show cause directing him to file an amended petition showing that his petition is not now time-barred (Dkt. #4) and order granting him an extension of time to do so (Dkt. #6).  After a review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition for failure to comply with the undersigned's orders.

## DISCUSSION

On October 4, 2007,[1] petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #6).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

---

[1] Although the petition was date stamped October 12, 2007, by the Clerk, and therefore was actually filed with this Court on that date, it was signed by petitioner on October 4, 2007. (Dkt. #3).  Presumably, this is the date petitioner delivered it to prison authorities for forwarding to the Court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court.").  Accordingly, the date petitioner signed his petition shall be treated as the date he filed it with this Court.

REPORT AND RECOMMENDATION
Page - 1

one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In his petition, petitioner states he was convicted on August 4, 1998, to life in prison without the possibility of parole for the crimes of murder, kidnaping and robbery, all in the first degree. (Dkt. #3 and #3-2, Exhibit A). He states his direct appeal of his conviction was denied by the Washington State Court of Appeals, Division II, on January 12, 2001. (Id., Exhibit B). Petitioner further states that on October 21, 2002, the court of appeals issued its mandate. (Dkt. #3). As there is no indication petitioner sought further direct review, it appears that at the very least the AEDPA's one-year statute of limitations began to run on October 22, 2002. See Wixom v. Washington, 264 F.3d 894, 898 (direct review is concluded when court of appeals denies appeal, and no appeal is made to state's highest court).

Petitioner states that he filed his first personal restraint petition on May 12, 2003. (Dkt. #3). Prior to filing his personal restraint petition, therefore, the statute of limitations had run for 202 days. It then

REPORT AND RECOMMENDATION
Page - 2

was tolled until January 22, 2004, when petitioner states the Washington State Court of Appeals denied his personal restraint petition. (Dkt. #3 and #3-3, Exhibit C). Petitioner states he filed a motion for post-conviction relief from judgment with the Pierce County Superior Court on March 3, 2004, which was denied on March 19, 2004. (Dkt. #3 and #3-3, Exhibit D). He further states that on March 31, 2004, he appealed that denial to the court of appeals. (Dkt. #3).

Petitioner states that on April 2, 2004, the Washington State Supreme Court Commissioner denied his personal restraint petition. (Dkt. #3 and #3-3, Exhibit E). Petitioner states that on October 5, 2004, the Washington State Court of Appeals Commissioner denied his appeal of the denial of his motion for post-conviction relief (Dkt. #3 and #3-3, Exhibit F), and that on December 20, 2004, the Washington State Court of Appeals Acting Chief Judge denied his motion to modify that denial. (Id., Exhibit G). Petitioner did not file any further post-conviction motion or petition until June 19, 2006, when he states he filed a second personal restraint petition. (Dkt. #3).

The AEDPA's one-year statute of limitation, therefore, had begun to run again on December 21, 2004, and continued to do so for an additional 163 days until it expired on June 1, 2005. An additional 383 days ran between then and June 19, 2006, when petitioner states that he filed his second personal restraint petition. Petitioner states that petition was dismissed by the Washington State Court of Appeals on April 2, 2007. (Dkt. #3 and #3-3, Exhibit I). Petitioner further states that on April 19, 2007, the Washington State Supreme Court denied his motion for an extension of time to file for reconsideration or modification of the court of appeals dismissal of his petition. (Dkt. #3 and #3-4, Exhibit J).

Petitioner states that he sought no further relief from the state courts. However, he waited another 167 days before filing his federal *habeas corpus* petition in this Court. Thus, 752 days in total, or well over two years, had run during which the AEDPA's statute of limitations was not tolled. As such, in an order to show cause, dated January 10, 2008, the undersigned found that it appeared petitioner's federal *habeas corpus* petition was time barred, unless he could show that the statute of limitations was subject to equitable tolling in this case.

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file

REPORT AND RECOMMENDATION
Page - 3

a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances). Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714. The undersigned found there was no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

For the foregoing reasons, therefore, the undersigned informed petitioner in the order to show cause that it appeared the AEDPA's one-year statute of limitations had run, and therefore that the petition was now time barred. The Court gave petitioner until February 10, 2008, to file an amended petition showing this not to be the case, or show cause why this matter should not be dismissed.

On February 11, 2008, petitioner filed his motion for extension of time to respond to the order to show cause, requesting that he be granted until May 20, 2008, in which to file his response. No reasons were provided by petitioner for his request for a 90-day extension, other than the fact that he currently was incarcerated and proceeding *pro se*. Because of this, the Court found no basis for granting that long of an extension. The Court, nevertheless, granted him a 30-day extension of time until March 28, 2008, in which to file a response. To date, however, no such response has been filed.

## CONCLUSION

Because petitioner has failed to respond to the Court's order to show cause and order granting him an extension to file such a response, the Court should dismiss this case without prejudice for failure to

REPORT AND RECOMMENDATION
Page - 4

prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 30, 2008**, as noted in the caption.

DATED this 5th day of May, 2008.

Karen L. Strombom
United States Magistrate Judge